UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **5:25-cv-01045-SRM (DTB)**                                      Date: **October 9, 2025**

Title:  **Fabian Yepez Posadas v. The Superior Court of California for the County of Riverside**

================================================================
**DOCKET ENTRY**
================================================================

PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| Rachel Maurice | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT(S):
          None present                                                           None present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE RE LACK OF PROSECUTION**

On April 28, 2025, Petitioner, Fabian Yepez Posadas ("Petitioner"), filed a document entitled "Petition for Writ of Mandate/Prohibition/Injunction, which the Court construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition").

Insofar as the Court could glean, the Petition included the following salient facts: Petitioner is presently serving a custodial sentence in state custody (see, e.g., Petition at V, VI, 32) and contends that his custody is unlawful due to, *inter alia*, a defective and impermissible felony complaint. (Id. at V, VI, 2).[1] Petitioner also seeks to discharge and release from custody and vacature of his "void" judgment. (Id. at 32).

As Petitioner appeared to be challenging his state court custodial sentence, the filing was properly construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 21, 2025, after screening the Petition pursuant to the Rules Governing Section 2254 cases in the United States District Courts, the Court issued an Order Regarding Petition ("Order"). (Docket No. 10). In the Order, Petitioner was advised

---

[1] The Cout cites the page numbers used in the Petition, which appears to be an aggregation of various documents using page numbering in both Roman and Arabic numerals.

that the Petition was deficient and that a petition brought pursuant to 28 U.S.C. § 2254 requires that the petitioner be in custody pursuant to the conviction being challenged. 28 U.S.C. § 2254(a). While Petitioner listed his address as the California State Prison, Corcoran, the Petition clearly failed to allege that (1) Petitioner is presently in state custody, and (2) that his custodial status is the result of an allegedly unconstitutional state court conviction. The Petition named the Superior Court of California as the respondent, which was improper.

Further, a habeas petitioner is required to exhaust his available remedies in the courts of the state prior to seeking federal habeas relief regarding his underlying state court conviction. 28 U.S.C. § 2254(b)(1)(A). Here, the Petition was silent as to whether Petitioner had exhausted his claims with the California Supreme Court.

Accordingly, Petitioner was advised that the Petition must be dismissed with leave to amend and, in the event he elected to file an amended petition, he should clearly identify the conviction he challenges, the constitutional violation(s) he is alleging, and that he has sufficiently exhausted his available state remedies as required by 28 U.S.C. § 2254(b)(1)(A). If Petitioner disagreed with the Court's analysis, he then should have filed a Notice of Intent to proceed with the Petition and the Court would proceed with the Petition.

Petitioner's response to the Court's Order was due on or before September 21, 2025. As of this date, Petitioner has failed to respond. Accordingly, Petitioner is ordered to show cause, in writing, no later than **November 7, 2025**, why this action should not be dismissed, without prejudice, for failure to prosecute.

This Order to Show Cause will be discharged upon the filing of a response to the Court's Order. If Plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1). A notice of dismissal form is attached for Plaintiff's convenience.

Plaintiff is warned that a failure to timely respond to this Order to Show Cause will result in a recommendation that this action be dismissed, without prejudice, under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey Court orders.

**IT IS SO ORDERED.**